THE BOARD OF EDUCATION OF THE BOROUGH OF RINGWOOD, PROSECUTOR, v. THE NORTH JERSEY DISTRICT WATER SUPPLY COMMISSION AND JOHN McCUTCHEON, CLERK OF PASSAIC COUNTY, RESPONDENTS. •

Argued October 6, 1925—Decided February 10, 1926.

Eminent Domain—Order to Condemn Lands for Purposes of North Jersey District Water Supply Commission—Held, That Facts as Stated in Petitions do Not Constitute an Authorization to Condemn Lands—Such Right Does Not Exist Until After the Formalities of the Statute Relating to a Contract Between the Water Commission and Municipality Has Been Entered Into.

On *certiorari*, &c.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *William I. Lewis*.

For the respondents, *Spaulding Frazer* and *John H. Mathews*.

8

PER CURIAM.

This writ brings up the order of the justice of the Supreme Court, and the proceedings touching it, made under the provision of "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use" (2 *Comp. Stat.* 1910, *p.* 2181), appointing commissioners to condemn lands of the prosecutor under powers alleged to be given respondent, the North Jersey District Water Supply Commission, by an act entitled "An act authorizing the appointment of district boards of water supply commissioners in the water supply districts created by an act entitled 'An act to create two water supply districts in the State of New Jersey, to be known respectively as the North Jersey Water Supply District and the South Jersey Water Supply District,' and defining the powers, duties, terms of office and compensation of such commissioners; and providing for the building, maintenance and operation of water supplies or new or additional water supplies by said commissioners as agents of, and by contract with, municipal and other corporations in their respective water districts, and further providing for the raising, collecting and expenditure of the moneys necessary therefor." *Pamph. L.* 1916, *p.* 129, and amendments thereof and supplement thereto.

The first reason argued for settng aside such order is as follows:

"The facts stated in the petition of the North Jersey District Water Supply Commission for the appointment of commissioners brought up by the writ in this cause, do not authorize the said commissioners to condemn the lands or property of the prosecutor, and show no *prima facie* right to have commissioners appointed for the purposes in said petition set forth."

We feel constrained to think that this point is well taken.

A petition in proceedings to condemn lands must show all jurisdictional facts. Unless it shows the existence of the right of the condemning party to exercise the power of eminent domain, an order appointing commissioners to condemn

NEW JERSEY MISCELLANEOUS REPORTS. 115

Sup. Ct.—Bd. of Education, Ringwood, v. No. Jersey Wat. Sup. Com.

cannot properly be made. *Wendell* v. *Board of Education,* 76 *N. J. L.* 499; *Winter* v. *Telephone Co.,* 51 *Id.* 83, and cases cited.

Tested by that well-settled rule the petition is plainly insufficient. The jurisdictional facts—the existence of the right of the respondent commission to exercise the power of eminent domain—is not shown in the petition herein.

Section 5 of the act of 1916, page 131, provided that the board having charge of the water supply of any municipality in a water supply district may petition the commission for a water supply and request an estimate of the cost.

Section 6 provides that, after obtaining the consent of the state water supply commission to the necessary diversion of water (which consent could only be given after hearing), the district commission must give notice of a public hearing, at which all persons and municipalities affected might be heard.

Sectons 7, 8, 9, 10 and 11 of the act of 1916 were amended by *Pamph. L.* 1925, *p.* 488.

Section 8 provides that, after such hearing, the district water supply commission shall proceed to formulate plans for obtaining a water supply and to estimate the cost thereof, and the annual cost of operating and probable share of such cost which each municipality will be called upon to pay, and to report said plans to the said municipalities, together with a form of contract.

Section 9 provides that, after the district water supply commission has submitted its preliminary report and form of contract provided for in section 8, it shall notify the municipalities concerned of a time and place for a hearing thereon.

Section 10 provides that, after the last-mentioned hearing, if by reason of suggested modification, or if by reason of the failure of any municipality to signify its acceptance of said contract, or by reason of the withdrawal of any municipality from further participation, it shall become necessary to redraft said contract, the district commission shall proceed to do so, and shall submit such redrafted contract to the municipalities remaining, and they shall then have fifteen days

in which to signify their acceptance, which process shall be continued until a form of contract has been agreed upon by said commission and one or more municipalities.

It is not until a contract is thus entered into between the North Jersey district water supply commission and one or more of the municipalities lying in the water supply district that such commission becomes clothed with the powers of condemnation. For section 11 (amended by *Pamph. L.* 1925, *p.* 490) provides that *"when said contract or contracts are executed as herein provided,* the said district water supply commission shall forthwith proceed to carry out the same,"* and such section thereafter proceeds to clothe the commission with powers to acquire by condemnation property "for such purpose."

Now, we think that the petition fails to show the existence of a contract entered into under the circumstances provided in the statute. It certainly fails to show the performance of those acts which are statutory conditions precedent to the execution of such contract.

Although the sufficiency of the petition is plainly challenged by the reason filed, and was fully argued in the prosecutor's brief, no attempt is made to sustain the petition, in this respect, in the brief filed by the respondents.

Examining the petition with care, we find, as bearing upon this apparent difficulty, the following averments: That the commission "has determined to acquire certain lands" (describing them); that the commission has "power to take lands for public use;" that the commission resolved that the lands sought to be condemned "were necessary for the acquisition and construction of the water supply now being acquired and constructed under contract with the city of Newark;" that the "said lands are essential to it for the purpose of constructing the Wanaque reservoir in accordance with the provisions of a contract between the city of Newark and said commission."

The foregoing averments are the only ones from which its power to condemn may be remotely inferred. But such power must not rest on inference. It must be made to affirmatively

appear. If there is a failure to show it the order on the petition is nugatory. *Manda* v. *Orange*, 75 *N. J. L.* 251; *Vreeland* v. *Jersey City*, 54 *Id.* 49; *Loucheim* v. *Hemsley*, 59 *Id.* 149.

Here we find no averment or showing that the contract between the commission and the city of Newark was a legal contract entered into after the performance of the conditions imposed by the legislature.

Since we are unanimously agreed that the order must be set aside for the reasons given, it is unnecessary to discuss the other reasons assigned by the prosecutor.

With respect to the point that "the property sought to be condemned is devoted to a prior public use, and so cannot be condemned by the commission" under the powers given the commission, we remark that the justices sitting are not as one, and we express no opinion thereon.

The remaining points of the prosecutor we consider to be without merit.

But for the reasons given, the order brought up for review will be set aside.